**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank CRIPPEN, Defendant-Appellant.**

**No. 76–4486.**

United States Court of Appeals, Fifth Circuit.

Aug. 31, 1978.

William G. Earle, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Jamie L. Whitten, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Petition for Rehearing and
Petition for Rehearing En Banc

Before COLEMAN, HILL and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

■ The appellant's petition for rehearing calls to our attention statements made in one of our prior opinions that contradict the results we have reached here. This able presentation enables us to consider more fully the question whether an indictment for making false statements to a grand jury under oath must charge on its face exactly how the questions asked the witness were material to the matter under the grand jury's investigation. We conclude that, although it is essential for the government to allege materiality in the indictment and to prove at the trial exactly how the questions asked were material, an indictment for testifying falsely before a grand jury is not defective because it fails to include the factual basis for the allegation of materiality.

To support the argument that an indictment for false swearing must show on its face the factual basis for materiality, including why and how the false statement was material to the grand jury's investigation, appellant relies on observations that literally support this contention made in *United States v. Slawik,* 3 Cir. 1977, 548 F.2d 75, 83, and quoted by this Court in *United States v. Brumley,* 5 Cir. 1977, 560 F.2d 1268, 1275. The statement in *Brumley, supra,* was:

> [T]he conviction could not stand "where the indictment fails to set forth the precise falsehood alleged and the factual basis of its falsity with sufficient clarity to permit a jury to determine its verity and to allow meaningful judicial review of the materiality of those falsehoods."

Our decision in *Brumley* reversed the conviction "[f]or a total failure to establish the indispensable ingredient of materiality." *United States v. Brumley, supra,* 560 F.2d at 1278. Therefore, the observation as to the necessity of alleging materiality was purely obiter dictum. Nonetheless, we have seriously reconsidered the rule thus stated and the argument made in reliance on it.

The indictment in this case set forth the purpose of the grand jury's investigation, "to determine whether violations of the Disclosure of Automobile Information Laws and other statutes of the United States had been committed," as well as the specific questions and answers upon which the perjury charges were founded.[1] In addition, it stated that determining who, if anyone, was removing and altering automobile manufac-

---

1. The questions and answers are set out in our earlier opinion. *United States v. Crippen,* 5 Cir. 1978, 570 F.2d 535, 536–37.

turer's labels and who was altering odometer readings on automobiles at defendant's dealership were both material to the grand jury's investigation. The alleged deficiency in the indictment stems from its failure to state how turning back odometers was material to the grand jury's investigation.[2]

■ An indictment, to be sufficient, must allege that the defendant committed each of the essential elements of the crime charged so as to enable the accused to prepare his defense and to invoke the double jeopardy clause in any subsequent prosecution for the same offense. *United States v. Guthartz,* 5 Cir. 1978, 573 F.2d 225, 227. The indictment of Crippen meets both these tests.

■ It is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges. *United States v. Bernstein,* 2 Cir. 1976, 533 F.2d 775, 786, *cert. denied,* 1976, 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608; *Carbo v. United States,* 9 Cir. 1963, 314 F.2d 718, 732–33, *cert. denied,* 1964, 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498; *Wilson v. United States,* 5 Cir. 1947, 158 F.2d 659, 663, *cert. denied,* 1947, 330 U.S. 850, 67 S.Ct. 1095, 91 L.Ed. 1294. That information, if essential to the defense, can be obtained by a motion for a bill of particulars, *United States v. Johnson,* 5 Cir. 1978, 575 F.2d 1347, and failure to grant such a motion may be reversible error.

To adopt the rule in false swearing cases that the full predicate for the charge be set forth in the indictment, in addition to the allegations of the essential elements of the offense, would be tantamount to requiring that such supporting evidence be alleged in indictments charging all other federal offenses. This requirement is not warranted by general principles of criminal law, *Estes v. United States,* 5 Cir. 1964, 335 F.2d 609, 619, *cert. denied,* 1965, 379 U.S. 964, 85 S.Ct. 656, 13 L.Ed.2d 559, nor is it needed to enable the defendant adequately to prepare his defense, nor, finally, does its absence create a danger of double jeopardy. To the extent that *Slawik* requires the indictment to recite facts showing materiality in indictments for false swearing, we decline to adopt it as the law of this circuit.

For these reasons, we consider our original opinion holding the indictment sufficient to be correct and the petition for rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is DENIED.

---

**2.** How turning back odometers was material to the investigation of the grand jury is answered in our prior opinion. *Id.* at 539.