**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Nelson OBERSKI,
Defendant-Appellant.**

**No. 83–1492.**

United States Court of Appeals,
Fifth Circuit.

June 8, 1984.

Rehearing Denied July 6, 1984.

Benjamin F. Walker, San Antonio, Tex. (Court-appointed), for defendant-appellant.

Edward C. Prado, U.S. Atty., Sidney Powell, James W. Blagg, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, GEE, and RUBIN, Circuit Judges.

GEE, Circuit Judge:

Oberski was indicted by a federal grand jury for making false declarations before a court in violation of 18 U.S.C. § 1623 (Supp. V. 1981). Pursuant to a plea agreement, Oberski pled guilty to count one of the indictment which charged that on or about January 27, 1983, while under oath as a witness in a criminal bond reduction hearing, Oberski testified that he had no other income, a statement he knew to be false because during 1980 through 1982 he derived profits from illegal methamphetamine trafficking. Count two of the indictment was dismissed.

■ On appeal, Oberski argues that the indictment fails to state an offense because it does not sufficiently set forth the precise falsehood alleged and the factual basis of its falsity. As a preliminary matter, we note that Oberski raises this claim for the first time on appeal. Nevertheless, an objection that an indictment fails to state an offense can be raised any time during the pendency of the proceedings. Fed.R. Crim.P. 12(b)(2). See United States v. Toney, 527 F.2d 716, 718 (6th Cir.1975), cert. denied sub nom. Pruitt v. United States, 429 U.S. 838, 97 S.Ct. 107, 50 L.Ed.2d 104 (1976).

■ An indictment, to be sufficient, need merely allege that the defendant committed each of the essential elements of the crime charged so as to enable the accused to prepare his defense and to invoke the double jeopardy clause in any subsequent proceeding for the same offense. United States v. Crippen, 579 F.2d 340, 342 (5th Cir.1978), cert. denied, 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979); United States v. Fischetti, 450 F.2d 34, 39 (5th Cir.1971), cert. denied, 405 U.S. 1016, 92 S.Ct. 1290, 31 L.Ed.2d 478 (1972). To charge the offense of making false declarations before a court, the indictment must allege that the defendant made a false material statement before a court with knowledge of its falsity. United States v. Cosby, 601 F.2d 754, 756 (5th Cir.1979). The test of materiality is whether the false testimony was capable of influencing the court on the issue before it. Id. at 756 n. 2.

■ The indictment here states such a claim. It avers that Oberski declared under oath that he had no other income and that this statement was false in that he had been receiving profits from methamphetamine trafficking. The indictment further alleges that the statement (reflecting Oberski's financial resources) was material to the bond hearing and that Oberski knew it to be false.

Oberski argues, however, that the factual basis of the falsehood is not sufficiently set forth; it is not clear from the face of the indictment that his statement concerning his "other income" referred to the years 1980, 1981 and 1982, in which he received income from methamphetamine trafficking. We have held, however, that an indictment need not allege in detail the factual proof that will be relied upon to support the charges. Crippen, 579 F.2d at 342.[1] The indictment need merely state the essential elements of the offense, which this indictment does. Factual details, if essential to the defense, can be obtained in a motion for a bill of particulars. Id.

---

1. Oberski relies on United States v. Slawik, 548 F.2d 75, 83 (3d Cir.1977), which holds that indictments for violations of § 1623 must set forth "the precise falsehood alleged and the factual basis of its falsity with sufficient clarity to permit a jury to determine its verity and to allow meaningful judicial review of the materiality of those falsehoods." We expressly disapproved of Slawik in Crippen, 579 F.2d at 342.

Therefore, we affirm Oberski's conviction.

AFFIRMED.