**UNITED STATES of America**

v.

**Robert B. ASHER.**

**Crim. No. 86–00088–02.**

United States District Court,
M.D. Pennsylvania.

Nov. 7, 1986.

James J. West, Acting U.S. Atty., Harrisburg, Pa., for U.S.

William G. Hundley & Larry S. Gondelman, N.W. Washington, D.C., for defendant Asher.

## ORDER

MUIR, District Judge.

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

### I. Introduction.

On October 28, 1986, Defendant Robert B. Asher filed a motion to dismiss the indictment insofar as it relies on 18 Pa.C. S.A. § 4701. Asher filed his supporting brief on the same date and the Government filed its brief in opposition on October 31, 1986. In open court on November 6, 1986, counsel for Asher advised the Court that no reply brief would be forthcoming and therefore the matter became ripe on that date.

In our order of October 15, 1986, we held that the indictment was not constitutionally infirm insofar as it charged Asher, a party official, with a violation of 18 Pa.C.S.A. § 4701 even though the indictment erroneously refers to Asher as a public official. The gravamen of the motion to dismiss presently before us is that if 18 Pa.C.S.A. § 4701 may be applied to party officials as well as public officials, then the statute must be stricken as an unconstitutional infringement on the First Amendment rights of political association. Asher also argues that the indictment is too vague with regard to what acts he allegedly committed in violation of 18 Pa.C.S.A. § 4701. We shall address both contentions.

### II. First Amendment.

Asher argues that the legislature cannot require a party official not to take bribes in exchange for the use of his influence. Asher bases this argument on the ground that party officials are distinct from public officials and that a party official's duties run to the party and not to the public. Asher argues that prosecuting a party official for accepting a bribe injects the executive and judicial branches of Government into the regulation of the internal affairs of a political party and would unduly hamper a political party's ability to raise funds and advance common political beliefs. We disagree with Asher's contention.

It is patent from a reading of 18 Pa.C. S.A. § 4701 that the statute is meant to prevent the corruption of political party officials by making it illegal to bribe such officials to influence their actions. It is our view that this type of legislation is well within a state's police power. Indeed, there are numerous statutes outlawing bribery to influence official and private conduct in myriad fields. These statutes have survived constitutional attack. The Supreme Court in the case of *Perrin v. United States*, 444 U.S. 37, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979) noted, that the crime of bribery has been extended well beyond its common law meaning wherein it only applied to persons concerned in the administration of justice and later to the bribery of agents and employees. *Id.* at 43, 100 S.Ct. at 314. In *Perrin*, the Supreme Court noted that by 1961 the date in which the Travel Act (the Federal law allegedly violated by Asher) was passed 42 states forbade bribery of individuals acting in a private capacity. In *Perrin*, the Supreme Court upheld the conviction of a person who was charged with using the facilities of interstate commerce to promote a commercial bribery scheme in violation of state law. We are of the view that the general public and the Commonwealth have far less of an interest in stopping commercial bribery than they do in stopping bribery to induce politicians to use their substantial influence in an unfair manner. Simply put, the first amendment was not meant to shield politicians from this type of police action.

In addition, the Court of Appeals in *United States v. Margiotta*, 688 F.2d 108 (2d Cir.1982) addressed the first amendment concerns of politicians charged with

violating a state bribery statute. The Court in *Margiotta* stated that it is a "chimera" to argue that the first amendment prohibits a state from forbidding the bribery of party officials. We have discussed the *Margiotta* case in detail in our order of October 15, 1986. We will not repeat our discussion in full. We add only that we, like the Court in *Margiotta* note that the indictment before us does not address mere participation in the political process or protected conduct such as lobbying, party association, or legitimate fundraising. Like the indictment in *Margiotta,* the indictment before us concentrates on an allegation that a high party official with substantial influence in the running of the Commonwealth used his influence or promised to do so after the offer of a bribe. *See Margiotta,* 688 F.2d at 129. In short, a statute which prohibits a party official from accepting or agreeing to accept a bribe to use his substantial influence is not constitutionally infirm. *Id.*

Asher further argues that if 18 Pa.C.S.A. § 4701 can be applied in a situation such as the one before us, it may be used, *in futuro* to chill legitimate party fundraising, the freedom of political association, and the advancement of common political beliefs. This argument is misplaced. As we have stated, this is not a case of legitimate political party fundraising and there is no freedom of association question involved. Furthermore, we know of no political party which shares with its members as a common political belief the idea that bribes are a legitimate way to raise funds or that bribes may be accepted by a party official in exchange for the official's promise to utilize his influence so long as the funds are turned over to the party.

III. Vagueness.

■ In addition to arguing that the indictment insofar as it relies on 18 Pa.C.S.A. § 4701 is unconstitutional, Asher also argues that the indictment is too vague. As we have stated in our several orders of August 18, 1986 and our order of October 15, 1986, it is unnecessary for an indict-

ment to do more than allege the factual proof the government will rely upon in support of its claims. *United States vs. Crippen,* 579 F.2d 340, 342 (5th Cir.1978). Asher's argument is no more than a restatement of the previous arguments made to this Court. An indictment in federal court alleging violation of 18 Pa.C.S.A. § 4701 is not required to inform the Defendant of what he was alleged to have done in return for the bribe. The key element which must be described in the indictment is the solicitation or acceptance of a bribe, not what was actually delivered or not delivered for the bribe. *United States vs. Davis,* 576 F.2d 1065, 1067 (3d Cir.1978). Therefore, we shall, once again, refuse to dismiss the indictment on the basis of vagueness. We shall not declare 18 Pa.C.S.A. unconstitutional as it applies to party officials.

NOW, THEREFORE, IT IS
ORDERED THAT:

Asher's motion filed October 28, 1986 to dismiss the indictment insofar as it relies on 18 Pa.C.S.A. § 4701 is denied.