**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Augustine DESURRA, and Sammy Lee Smith, Defendants–Appellants.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arthur BREAUX, III,**
**Defendant–Appellant.**

Nos. 88–2174, 88–2470.

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 1989.
Rehearing Denied March 16, 1989.*

* See 868 F.2d 716.

Fred T. Bennett, Stillman & Bennett, Dallas, Tex., for Desurra and Smith.

Robert K. Erickson, Atty., U.S. Dept. of Justice, Washington, D.C., Henry K. Oncken, U.S. Atty., Paula Offenhauser, Frances H. Stacy, Keith Edward Wyatt, Asst. U.S. Attys., Houston, Tex., for U.S.

Joseph A. Connors, III, McAllen, Tex., for Breaux.

Before GEE, HIGGINBOTHAM, and DUHE, Circuit Judges.

PER CURIAM:

In these consolidated cases, three defendants appeal convictions obtained pursuant to the Controlled Substance Analogue Enforcement Act of 1986, 21 U.S.C. § 813. All three contend that the drug which they possessed was not a controlled substance analogue within the meaning of the Act, or, alternatively, that the Controlled Substance Analogue Enforcement Act is unconstitutionally vague. Appellant Breaux also argues that his guilty plea was not voluntary, and that the district court lacked jurisdiction over the crime alleged. We find that the drug in question was a controlled substance analogue, and that the statute provided adequate notice of the criminal character of defendants' actions. We also find that Breaux's conviction was without procedural or jurisdictional defect. We therefore affirm.

I

Appellants Desurra and Smith were indicted for possessing, during July 1987, a controlled substance analogue with intent to distribute it. 21 U.S.C. §§ 813, 841. In an apparently unrelated proceeding, Breaux was indicted for possessing with intent to distribute, and for knowingly and intentionally importing, a controlled substance analogue. 21 U.S.C. §§ 813, 841, 952, 960. The indictment referred to events which occurred in June and July of 1987. Breaux was also charged with related conspiracy offenses.

All three defendants were alleged to have dealt with the substance "3, 4 Methylenedioxymethamphetamine," or MDMA, which sells on the street by the name, "Ecstasy." The indictments stated that MDMA was a chemical analogue of "3, 4 Methylenedioxyamphetamine," or MDA, which is a Schedule I controlled substance. *See* 21 U.S.C. §§ 811, 812.

Desurra, Smith, and Breaux all entered conditional guilty pleas to some of the offenses charged against them. The pleas were conditioned upon the right of the defendants to argue on appeal that the Drug Enforcement Agency's efforts to list MDMA as a controlled substance render the indictments against them infirm on statutory or constitutional grounds. We now consider, and reject, those arguments.

II

The issues on appeal arise for the most part out of an intersection between criminal law and administrative law. The DEA administrator has sought to make MDMA a controlled substance. In order to accomplish this, the Administrator attempted to add MDMA to the list of substances in Schedule I of the Controlled Substances

Act. 21 U.S.C. §§ 811, 812. Procedural missteps have foiled at least two such efforts. *See United States v. Caudle,* 828 F.2d 1111 (5th Cir.1987); *Grinspoon v. Drug Enforcement Admin.,* 828 F.2d 881 (1st Cir.1987).

■ Because these efforts to list MDMA were temporarily stymied, the DEA must prosecute the MDMA transactions charged here under the Controlled Substance Analogue Enforcement Act, if at all. Under 21 U.S.C. § 813, "a controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of this title ... as a controlled substance." There is no dispute that MDA was on the list of Schedule I controlled substances at the time that Smith, Desurra, and Breaux committed the acts which led to their indictments. Moreover, the legislative history of the Analogue Act shows that the development of MDMA by drug dealers trying to escape regulation of MDA was one of the events that prompted Congress to regulate controlled substance analogues. S.Rep. No. 99–196, 99th Cong., 1st Sess. 2 (1985); H.R.Rep. No. 99–848, 99th Cong., 2d Sess. 4 (1986). However, the Analogue Act also provides that a controlled substance cannot itself be a controlled substance analogue. 21 U.S.C. § 802(32)(B)(i). Appellants contend that the DEA's efforts to list MDMA on Schedule I rendered MDMA a controlled substance within the meaning of § 802(32)(B)(i), and therefore exempted MDMA from treatment as an analogue. Alternatively, they contend that the DEA's efforts created such confusion as to render the Analogue Act unconstitutionally vague as applied to MDMA.

Neither of these arguments has any merit. Because of the defects in the DEA's procedures, MDMA was not a controlled substance in June and July of 1987. Had the defendants been indicted for transactions involving a controlled substance, they could have defeated conviction, as did the defendants in *Caudle,* 828 F.2d 1111. Indeed, Breaux was originally indicted for transactions involving a controlled substance, and successfully sought dismissal of the indictment on the ground that MDMA was not a controlled substance.

■ Nor is there any vagueness. "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). The legislative history of the Analogue Act makes clear that MDMA is a controlled substance analogue. The DEA's efforts, if anything, gave the defendants additional notice that MDMA was an illicit drug. At no time did the DEA do anything that would have exempted MDMA from coverage of the criminal drug laws. There is no danger that these defendants were "convicted for an offense [they] could not have understood to exist." *United States v. McClain,* 545 F.2d 988, 1001–02 n. 30 (5th Cir.1977). They cannot complain that the Analogue Act is unconstitutionally vague when the legislative history of the Act discloses that crimes of the sort committed by these defendants were a primary target of the Act. *See United States v. Brown,* 859 F.2d 974, 976 (D.C.Cir.1988).

### III

■ Breaux contends that his guilty plea was not voluntary, because the trial judge failed to explain to him the essential elements of the crime. *See* F.R.Crim.P. 11. In particular, Breaux contends that the judge failed to inform Breaux that the government, to convict him, would have to prove that Breaux understood MDMA to be a chemical analogue of MDA. This argument misunderstands the intent requisite to convictions under 21 U.S.C. §§ 813, 841, 952, and 960. If a defendant possesses an analogue, with intent to distribute or import, the defendant need not know that the drug he possesses is an analogue. It suffices that he know what drug he possesses, and that he possess it with the statutorily defined bad purpose. The trial judge correctly instructed Breaux with respect to the mental state required to prove the charges against him.

■ Breaux also contends that his plea should be vacated because the government failed to charge, or offer proof, that the MDMA in his possession was "intended for human consumption." *See* 21 U.S.C. § 813. Because this argument was not made before the district court, it is preserved for appeal only if it is jurisdictional. We, however, find no jurisdictional defect in the indictment. The federal district courts have jurisdiction to hear any case in which a violation of the federal laws is charged. 18 U.S.C. § 3231; *United States v. Sardelli*, 813 F.2d 654, 656 (5th Cir.1987). To confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute. *United States v. McDaniel*, 428 F.Supp. 1226, 1230–31 (W.D.Okla.1977). In this case, there is no question that each count of the indictment charged Breaux with a violation of clearly specified federal laws.

## IV

For the reasons stated above, the orders of the district court with respect to all appellants in these consolidated cases are, in all respects,

AFFIRMED.