**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Augustiune DESURRA and Sammy Lee Smith, Defendants–Appellants.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arthur BREAUX, III,
Defendant–Appellant.**

Nos. 88–2174, 88–2470.

United States Court of Appeals,
Fifth Circuit.

March 16, 1989.

Fred T. Bennett, Stillman & Bennett, Dallas, Tex., for Desurra and Smith.

Joseph A. Connors, III, McAllen, Tex., for Breaux.

Robert J. Erickson, Atty., Dept. of Justice, Washington, D.C., Keith Edward Wyatt, Frances H. Stacy, Paula Offenhauser, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for U.S.

ON PETITION FOR REHEARING

Before GEE, HIGGINBOTHAM and DUHE, Circuit Judges.

PER CURIAM:

In an earlier opinion, we rejected the appeals of criminal defendants Arthur

Breaux, David Desurra, and Sammy Smith. *United States v. Breaux*, 865 F.2d 651 (5th Cir.1989). We now deny their petition for rehearing.

 Breaux first seeks leave to add a new issue on appeal. He wishes to challenge the constitutionality of the special assessment provisions in 18 U.S.C. § 3013, contending that those provisions were enacted in violation of the origination clause in Article I of the Constitution. *See* U.S. Const., Art. I, § 7, cl. 1. The issue is, however, not novel. *See United States v. Ramos*, 624 F.Supp. 970, 973 (S.D.N.Y. 1985). Breaux's attempted appeal is therefore untimely, and we deny his motion to add the new issue.

During his original appeal, Breaux contended that his conviction ought to be vacated because the government had not charged in the indictment that the drugs possessed by Breaux were intended for human consumption. Breaux had not raised this argument in the district court, and we dismissed the argument on the ground that it was not jurisdictional and was untimely. *Breaux*, 865 F.2d at 653–654.

In his petition for rehearing, Breaux correctly argues that a challenge to the sufficiency of a criminal indictment may in fact be raised for the first time on appeal. *United States v. Oberski*, 734 F.2d 1034, 1035 (5th Cir.1984), *cert. denied*, 469 U.S. 1113, 105 S.Ct. 797, 83 L.Ed.2d 790 (1985); *see* F.R. Crim. P. 12(b). Breaux contends that because the indictment did not expressly allege that the drugs possessed by him were intended for human consumption, the indictment lacked an essential element and so was insufficient. Breaux points us to 21 U.S.C. § 813, which reads, "a controlled substance analogue shall, to the extent intended for human consumption, be treated for purposes of this title and title III as a controlled substance in Schedule I." Breaux was charged pursuant to this provision with offenses involving controlled substance analogues.

Yet although the indictment charging Breaux did not expressly state that the drugs in which Breaux dealt were intended for human consumption, the indictment did describe the drugs as analogues of controlled substances. Under 21 U.S.C. § 802(32)(B)(iv), "the term 'controlled substance analogue' ... does not include ... any substance to the extent not intended for human consumption before ... an exemption takes effect with respect to that substance." In other words, "controlled substance analogue" is defined so that a drug is an analogue only if it is intended for human consumption in the absence of a government permit authorizing such consumption. For this reason, the indictment did allege that the drug was intended for human consumption by alleging that the drug was an analogue. "An indictment, to be sufficient, need merely allege that the defendant committed each of the essential elements of offense so as to enable the accused to prepare his defense and to invoke the double jeopardy clause in any subsequent proceeding for the same offense." *Oberski*, 734 F.2d at 1035.

Desurra and Smith have adopted Breaux's arguments, and have not advanced any distinct arguments.

For the reasons stated, the petition for rehearing is

DENIED.