UNITED STATES of America,
Plaintiff–Appellee,

v.

Natalie GRANBERRY,
Defendant–Appellant.

No. 89–1974
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1990.

---

Allen Fishburn, Delhomme, Skrepnek & Fishburn, Dallas, Tex., for defendant-appellant.

Paul D. Macaluso, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before JOHNSON, SMITH, and WIENER, Circuit Judges.

JOHNSON, Circuit Judge:

Natalie Granberry appeals from her conviction for using a communication facility (a telephone) in the illegal distribution of a controlled substance, in violation of 21 U.S.C. § 843(b). Her conviction will be affirmed.

## I. FACTS AND PROCEDURAL HISTORY

In October 1989 Natalie Granberry had a telephone conversation with an acquaintance of hers in which she arranged to sell that acquaintance, for $100, 10 tablets of N–Hydroxy–3,4–methylenedioxyamphetamine, a chemical analogue of 3,4–methylenedioxyamphetamine, which is a Schedule I controlled substance.[1] Granberry was indicted on two counts of distribution of an analogue of a controlled substance, in violation of 21 U.S.C. §§ 813, 841(a)(1).[2] She later pled guilty to one count of violating 21 U.S.C. § 843(b).[3] The district court imposed sentence, and Granberry timely appealed.

Before pleading guilty Granberry moved to dismiss the charges against her on the grounds that § 813, commonly referred to as the analogue statute, was unconstitutional. Granberry contended that § 813 constitutes an impermissible delegation of Congressional power to the Executive branch and that the definition of analogue substances is unconstitutionally vague. The district denied her motion to dismiss the indictment. These constitutional issues are the only issues Granberry raises on appeal.

---

**1.** *See* Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* Section 812(c) specifies that 3,4 methylenedioxyamphetamine is a schedule I substance.

**2.** Section 841(a)(1) provides:
 (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
 (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.
 21 U.S.C. § 841(a)(1).
 Section 813 extends this prohibition to drugs which are not themselves listed as controlled substances, but which are chemical analogues of controlled substances. Section 813 is thus commonly referred to as the "analogue statute." It reads:

§ 813. Treatment of controlled analogues
 A controlled substance analogue shall, to the extent intended for human consumption, be treated, for purposes of any Federal law as a controlled substance in Schedule I.
 21 U.S.C. § 813.

**3.** Section 843(b) provides that
 [i]t shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this section.
 21 U.S.C. § 843(b). The subchapters referred to include § 841(a)(1), the statute under which Granberry was indicted.

## II. DISCUSSION

 Neither of Granberry's constitutional challenges is well taken. Granberry first argues that § 813 constitutes an impermissible delegation of legislative power to an executive agency. In advancing this argument Granberry relies on one case, *United States v. Spain*, 825 F.2d 1426 (10th Cir.1987), which considered the constitutional implications of the delegation of power to the Attorney General in another drug statute, 21 U.S.C. § 811(h). That statute allows the Attorney General to temporarily place new drugs on the controlled substance schedules pending the completion of the full scheduling process.

Granberry's reliance on *Spain* is misplaced, for several reasons. First, *Spain* did *not* hold § 811(h) unconstitutional; it found it unnecessary to decide the question. 825 F.2d at 1429. Second, whatever concerns the *Spain* Court expressed about the scope of the delegation of authority in § 811(h) do not apply here. Unlike § 811(h), § 813 does not delegate any authority to the Attorney General. It operates only by reference to the authority *already* delegated to the Attorney General by the Controlled Substances Act itself. Section 813 does not increase that basic delegation of authority in any way; it provides only that analogue substances shall be treated as schedule I controlled substances. Granberry concedes that this Court and others have previously held that the delegation of authority made by the Controlled Substances Act is constitutional. *See United States v. Gordon*, 580 F.2d 827 (5th Cir.), *cert. denied*, 439 U.S. 1051, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978); *United States v. Pastor*, 557 F.2d 930 (2d Cir. 1977). Accordingly, there is no basis on which to complain that the analogue statute constitutes an impermissible delegation of legislative power.

 Granberry's second argument is that the analogue statute is unconstitutionally vague. This argument is also without merit. While penal statutes must be sufficiently definite that people of ordinary intelligence can understand what is prohibited, *see Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), the analogue statute meets this standard. Despite Granberry's contention to the contrary, the term "controlled substance analogue" in § 813 is clearly and specifically defined, in terms readily comprehensible to the ordinary reader.[4] It provides adequate notice of what conduct is prohibited. The statute makes plain that drugs which have been chemically designed to be similar to controlled substances, but which are not themselves listed on the controlled substance schedules, will nonetheless be considered as schedule I substances if 1) they are substantially similar chemically to drugs that are on those schedules, 2) if they produce similar effects on the central nervous system as drugs that are on those schedules, or 3) are intended or represented to produce effects similar to those produced by drugs that are on those schedules. There is nothing vague about the statute.

## III. CONCLUSION

Finding no constitutional flaw in § 813, we affirm the judgment of the district court.

AFFIRMED.

---

**4.** The term "controlled substance analogue" is defined in 21 U.S.C. § 802(32)(A):

> the term "controlled substance analogue" means a substance—
> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
> (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or halluci-

nogenic effect on the central nervous system of a controlled substance in schedule I or II; or
> (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.