# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2014

Lyle W. Cayce
Clerk

No. 13-50946
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESSICA LEE PETREE,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-155-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jessica Lee Petree challenges her guilty-plea conviction for possession with intent to distribute a mixture and substance containing a detectable amount of 4 methyl-N-ethylcathinone (4-MEC) and alpha-PVP hydrochloride (alpha-PVP), both schedule I "controlled substance analogues", as defined by 21 U.S.C. § 802(32)(A) and in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-50946

Petree contends:  the factual basis was insufficient to support her guilty plea; alpha-PVP is not a controlled-substance analogue, within the meaning of the Controlled Substances Analogue Enforcement Act (CSAEA); and the CSAEA is unconstitutionally vague as applied to 4-MEC and alpha-PVP.

Because Petree did not raise these issues in district court, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Petree must show a forfeited plain (clear or obvious) error that affected her substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*  To show the claimed-error affected her substantial rights, Petree "must demonstrate a reasonable probability that, but for the error, [s]he would not have entered the plea".  *Broussard*, 669 F.3d at 546 (citation and internal quotation marks omitted).

In determining whether the factual basis for a guilty plea is sufficient, the district court must compare "the conduct to which defendant admits" and "the elements of the offense charged".  *Id.*  The factual basis must be specific enough for the court to determine defendant's conduct "is within the ambit of the statute's prohibitions".  *Id.*  (citation and internal quotation marks omitted).  Implicit in the acceptance of a guilty plea is the district court's determination that Petree's "admitted conduct satisfied every element of" the offense.  *Id.*  This court "'may look beyond those facts admitted by [Petree] during the plea colloquy and scan the entire record for facts supporting [her] conviction' and draw any fair inferences from the evidence".  *Id.* (quoting *United States v. Trejo*, 610 F.3d 308, 313, 317 (5th Cir. 2010)).

Based on the record as a whole, there was a sufficient factual basis for the district court not to have committed the requisite clear or obvious error in

determining Petree's conduct was within the ambit of the charged offense given that, *inter alia*, Petree admitted the substances were analogues and DEA testing concluded the substances were analogues.  Petree also claims the district court failed to find expressly that she knew the substances were controlled substance analogues; nevertheless, she cannot show this alleged-failure constituted reversible plain error.  *See United States v. Desurra*, 865 F.2d 651, 653 (5th Cir. 1989) ("If a defendant possesses an analogue, with intent to distribute . . . defendant need not know that the drug . . . is an analogue".).  Furthermore, Petree's contention that alpha-PVP is not an analogue, which she frames as a distinct legal question, fails for the same reason.

As for Petree's constitutional challenge to the CSAEA, this court has held the controlled-substance analogue statute, 21 U.S.C. § 813, is "clearly and specifically defined, in terms readily comprehensible to the ordinary reader" and "provides adequate notice of what conduct is prohibited" and, therefore, is not unconstitutionally vague. *United States v. Granberry*, 916 F.2d 1008, 1010 (5th Cir. 1990).

AFFIRMED.