**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Erick R. KELLEY**
**Electronics Technician Second Class (E-5), U.S. Coast Guard**

**CGCMG 0396**
**Docket No. 1495**

**25 April 2025**

General court-martial sentence adjudged on 21 May 2023.

| | |
|---|---|
| Military Judge: | CDR Timothy N. Cronin, USCG |
| Appellate Defense Counsel: | LCDR Thadeus J. Pope, USCG (argued) |
| | LT Schuyler B. Millham, USCG |
| Appellate Government Counsel: | Mr. John P. Nolan, Esq. (argued) |
| | LT Elizabeth M. Ulan, USCG |

**BEFORE**
**McCLELLAND, JUDGE & BRUBAKER**
Appellate Military Judges

BRUBAKER, Judge:

A general court-martial of members with enlisted representation convicted Appellant, contrary to his pleas, of possessing child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ). Appellant was sentenced to confinement for twelve months, reduction to E-1, and a dishonorable discharge. Judgment was entered accordingly.

Appellant raises seven assignments of error (AOE), renumbered as follows:

I.  Whether Appellant was acquitted;

II. Whether the military judge erroneously failed to conduct a proper inquiry into the panel members' questions (clarifying that they acquitted after their initial vote on both specifications) and improperly instructed the members regarding voting procedures;

III.     Whether Appellant was deprived of due process when he was convicted of offenses different from: those charged in Specification 1; those that served as the basis for the Article 32 preliminary hearing and the preliminary hearing officer's probable cause determination; and those that served as the basis for the Article 34 advice and referral;

IV.     Whether the court-martial lacked jurisdiction because the military judge erroneously instructed the members on additional offenses to be considered as part of Specification 1 after referral, over defense objections, without withdrawing, preferral anew, and without subsequent referral, as required by R.C.M. 603;

V.     Whether the members' findings constituted a fatal variance of Specification 1;

VI.     Whether Appellant received ineffective assistance of counsel when his counsel failed to clearly assert and maintain objections to the military judge's erroneous instructions to the panel, and to the military judge allowing additional offenses to be considered as part of Specification 1; and

VII.     Whether the evidence of Specification 1 was legally and factually insufficient.

We heard oral argument on AOEs I and V. Lumping the issues together, we first consider AOEs related to whether Appellant was acquitted (I, II, and part of VI), then those related to whether he was convicted of an offense for which he was not charged (III, IV, V, and the other part of VI), and finally sufficiency of the evidence (VII). We conclude there was no error and affirm.

**Background**

While using a law enforcement application that seeks suspected child pornography being offered on peer-to-peer filesharing programs, the Alaska Bureau of Investigation received two videos of apparent child pornography from an Internet protocol address originating from Appellant's on-base quarters in Alaska. After notifying the Coast Guard, investigators got a search authorization, seized Appellant's electronic devices, and found images of suspected child pornography in cache storage on his cell phone.

The Government preferred two specifications under Article 134, UCMJ: Specification 1 alleging Appellant "at or near Kodiak, Alaska, on or about May 18, 2020 knowingly and wrongfully possess[ed] child pornography, to wit: eight digital images of a minor, engaging in

sexually explicit conduct"; and Specification 2 alleging distribution of the two videos of child pornography. Charge Sheet.

At a preliminary hearing conducted under Article 32, UCMJ, Government counsel presented an exhibit identifying eight digital images and told the preliminary hearing officer that "these are the eight images that are subject to Specification 1 of this charge." Audio Recording of Preliminary Hearing at timestamp 26:14-26:35. After the charge had been referred to a General Court-Martial, the Government provided Appellant notice that it intended to offer additional images of alleged child pornography. It initially opined they were admissible as extrinsic evidence to prove motive, intent, or lack of mistake under Military Rule of Evidence (M.R.E.) 404(b), but, in the course of pretrial litigation on the motion, posited that some of the additional images were admissible as part of the offense itself, among the images on which members could base a conviction for possessing eight otherwise-unidentified images within the charged timeframe. The additional images were ultimately admitted as intrinsic evidence of the offense.

Before the members began deliberations, the military judge provided procedural instructions and a findings worksheet. Pages one and two of the worksheet addressed Specifications 1 and 2, respectively. Page three was labeled "Supplemental Findings Worksheet" and listed 11 images under Specification 1. The military judge instructed the members: vote on specifications first, then on the Charge; if they vote not guilty to the Charge and both specifications, line out the remainder of the entries because that is a full acquittal; if they find the accused guilty of possessing less than eight images, circle "Guilty, except the word 'eight,' of the excepted word: Not Guilty"; if they find the accused guilty of possessing any images of child pornography, check which images they find him guilty of possessing on page 3 of the findings worksheet and cross out those images they find him not guilty of possessing.

After beginning deliberations, the members came back with a question: "We've voted on both spec[ification]s. But we don't have 3/4 majority on any individual files. We weren't clear on how to come to consensus on each file (page 3 of 3) or if that's required." App. Ex. 107. Appellant's civilian defense counsel (CDC) urged that this constituted an acquittal and that the

military judge should instruct the members to make a finding of not guilty or enter it himself. Trial counsel disagreed, urging that the members were merely seeking clarification and should be reinstructed on the procedures regarding findings. After further discussion, the military judge reinstructed the members on voting procedures, this time emphasizing that in addition to needing at least three-fourths of the members to vote guilty on any offense to result in a finding of guilty to it, they also must have the same regarding any specific image or video. He also re-instructed that they may reconsider any finding prior to its being announced in open court, and that if they wished to do so, the president should inform the military judge in open court, at which point he would give specific instructions on the procedure for reconsideration.

After further deliberation, the members returned with findings: guilty to Specification 1, except the word "eight"; not guilty to Specification 2. On page 3 of the findings worksheet, they indicated that they found Appellant guilty of possessing two images. Neither had been presented as evidence at the preliminary hearing. Appellant moved to set aside the findings of guilty or, in the alternative, for a new trial, asserting the members had acquitted Appellant. The military judge denied the motion.

### The Members' Question

Related to the members' question, Appellant asserts: (1) It constituted a finding of acquittal, which was never properly reconsidered; (2) The military judge failed to conduct a proper inquiry into the question (clarifying they acquitted after their initial vote on both specifications), and improperly instructed the members on voting procedures; and (3) Trial defense counsel were ineffective for failing to clearly assert and maintain objections to the military judge's erroneous instructions on voting procedures after the panel voted to acquit. We disagree.

All three assertions assume that the members voted to acquit Appellant of Specification 1. We conclude that this is a false premise.

Because this presents a mixed question of law and fact, we adhere to the military judge's findings of fact unless they are clearly erroneous and review conclusions of law de novo. *United*

*States v. Buford*, 74 M.J. 98, 100 (C.A.A.F. 2015). In ruling that Appellant had not been acquitted, the military judge found that the members had *not* indicated: whether the panel had found Appellant guilty or not guilty; whether the findings worksheet had been completed; or whether the members had voted on individual images. Despite being based primarily on the members' written question, which we too can read, these remain factual findings that will be overturned only if clearly erroneous. *See Buford*, 74 M.J. at 100.

They are not. The question and its full context support this. By logical inference, the members, adhering to the findings worksheet and the military judge's initial instructions, started by considering Specifications 1 and 2 on pages 1 and 2 of the worksheet. Having been instructed that if they found Appellant guilty of possessing any images of child pornography, they should indicate which ones on page 3, they moved to page 3. Their question—"We've voted on both spec[ification]s. But we don't have 3/4 majority on any individual files. We weren't clear on how to come to consensus on each file (page 3 of 3) or if that's required," App. Ex. 107— indicates they voted on Specifications 1 and 2 on pages 1 and 2 (apparently to *convict* on Specification 1 for at least some of the images), but were confused once they got to page 3 about how they should address the list of individual images. The statement that they did not "have 3/4 majority on any individual files" does not necessarily imply they had formally voted on them; as the military judge noted, it just as easily could have been based on "full and free discussion of the merits of the case," R.C.M. 921(b), or an informal, non-binding vote, *see United States v. Lawson*, 16 M.J. 38, 41 (C.M.A. 1983).

Second, irrespective of what the members' question may have revealed about their voting and deliberations, "[t]he only findings that can have legal effect are those formally and correctly announced in open court." *United States v. Perez*, 40 M.J. 373, 376 (C.M.A. 1994) (quoting *United States v. London,* 4 C.M.A. 90, 97, 15 C.M.R. 90, 97 (1954)). Anything less is "not final." *London*, 4 C.M.A. at 96, 15 C.M.R. at 96. R.C.M. 922 requires the panel president to announce members' findings in the presence of all parties. The military judge "may, in the presence of the parties, examine any writing which the president intends to read to announce the findings and may assist the members in putting the findings in proper form," but "[n]either that

writing nor any oral or written clarification or discussion concerning it shall constitute announcement of the findings." R.C.M. 921(d).

The military judge found the members' question was not an announcement of findings. Far from clearly erroneous, this is plainly correct. The members did not present a completed findings worksheet or otherwise indicate they were ready to render their verdict; they were, instead, seeking clarification on how to proceed so they *could* properly reach findings and complete the findings worksheet. Because the question was not an announcement of findings, it had no legal effect. *Perez*, 40 M.J. at 376. The only findings with legal effect were as announced later, and because there is no indication of extraneous prejudicial information, outside influence, or unlawful command influence, they may not be impeached. R.C.M. 923.

Third, we reject Appellant's assertion that the military judge "erroneously failed to conduct a proper inquiry into the panel members' questions (clarifying that they acquitted after their initial vote on both specifications) . . . ." Appellant's Br. at 56. Appellant urges that, when confronted with the question, "the military judge should have confirmed with the panel president whether the panel formally voted on each" of the specifications at issue. *United States v. Reyes-Lesmes*, No. ARMY 20180396, 2020 WL 6533831, at *5 (A. Ct. Crim. App. Nov. 4, 2020) (unpublished opinion).

We disagree. A military judge, no doubt, needs to ensure he understands a member's question and to respond, as needed, with clarifying instructions. *See United States v. Barnett*, 71 M.J. 248, 249 (C.A.A.F. 2012). But a military judge must balance this with his duty to protect the "sanctity of [member] deliberations." *United States v. Schwarz*, 283 F.3d 76, 97 (2d Cir. 2002) (quoting *United States v. Volpe*, 62 F. Supp. 2d 887, 893 (E.D.N.Y. 1999)). In fact, except in sharply limited circumstances, a military judge is *prohibited* from eliciting information from the members "about their deliberations and voting." R.C.M. 922(e); *United States v. Loving*, 41 M.J. 213, 237 (C.A.A.F. 1994); *United States v. RosarioMartinez*, 85 M.J. 535, 541 (N-M. Ct. Crim. App. 2024).

6

Asking the panel president whether the members had formally voted or what the results were would plainly be questions about their deliberations and voting. No exception permitted this. The military judge was correct to avoid such intrusions as he cleared up the members' confusion about how to address individual images. He did not err by failing to conduct further inquiry.

Fourth, Appellant waived any objections to the military judge's instruction following the members' question. In a hearing outside the members' presence to discuss the question, the CDC initially opined that the military judge should instruct them that they had acquitted Appellant of Specification 1. Without ruling on that, the military judge instead, as we detailed above, proposed that he reinstruct the members. The CDC responded, "The defense would not object to that, Your Honor." R.21MAY2023 at 141. The military judge then gave the instruction as proposed.

By "expressly and unequivocally acquiescing" to the military judge's proposed instruction, Appellant waived all objections to it. *United States v. Davis*, 79 M.J. 329, 332 (C.A.A.F. 2020) (quoting *United States v. Smith*, 2 C.M.A. 440, 442, 9 C.M.R. 70, 72 (1953)).

Finally, we find no ineffective assistance of counsel for this waiver. To prevail on this claim, Appellant has a high bar. He must show: (1) that his counsel's performance was deficient, that is, fell below an objective standard of reasonableness; and (2) that but for his counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. *United States v. Akbar,* 74 M.J. 364, 371 (C.A.A.F. 2015) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)). To establish the first prong, he must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. To establish the second prong, he must show that but for the deficient performance, there is a reasonable probability that the outcome would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Appellant's claim fails because an objection that the military judge was required to provide a Defense-requested instruction that the members had acquitted Appellant of

Specification 1 would not have been meritorious. *See United States v. Palik*, 84 M.J. 284, 289 (C.A.A.F. 2024). Denial of a requested instruction is only error if the instruction is correct. *United States v. Miller,* 58 M.J. 266, 270 (C.A.A.F. 2003). As we have discussed, the premise that the members acquitted Appellant of Specification 1 is incorrect.

Even if the members *had* indicated that, after rendering a general verdict to Specification 1, they effectively voted to acquit Appellant of each individual image, the military judge *still* would not have been required to instruct the members that they had voted to acquit Appellant of Specification 1 and provide procedural instructions on reconsideration. *United States v. Perez*, 40 M.J. 373 (C.M.A. 1994), illustrates this. There, the members, having informed the military judge they had reached a verdict, indicated they had voted to convict Perez of a conspiracy specification, except language alleging an overt act, which they found not proved. *Id*. at 375. As Appellant now does, Perez argued the military judge was required to instruct the members that they had acquitted him. The military judge declined and instead instructed there was "an inherent inconsistency" between the finding of guilty to the specification and the finding of not guilty to the overt act. He repeated his instruction on the elements of conspiracy, including the overt act as an element, adding that if the members did not believe the Government met its burden to prove the overt act, they must acquit the accused of that offense. He then directed them to reconsider their findings—without them voting to do so. The members returned to deliberation and convicted, this time without exception. The court found no error. Acknowledging that the military judge *could* have informed the members that the findings amounted to a finding of not guilty to the conspiracy specification, then instructed them they *could* reconsider and the procedures to do so, the court concluded it was within his discretion instead to note the inconsistency and direct the members to return to deliberations to resolve it. *Id*. at 377.

Certainly, if that is true in *Perez*, it is true here. Even if the military judge *could* have instructed the members that they had voted to acquit, it was not, under the circumstances, an abuse of discretion to instead reiterate the correct procedures for voting and completing the findings worksheet, this time clarifying how to address each image listed on page three. There was nothing incorrect about his instructions and we may presume the members followed them. *Loving*, 41 M.J. at 235.

Accordingly, Appellant fails to demonstrate either that it was deficient for his trial defense counsel to acquiesce to the military judge's proposed instruction or that but for this waiver, there is a reasonable probability the result of the proceeding would have been different.

In sum, we find no error resulting from the members' question.

### Whether Appellant Was Convicted of Possessing Uncharged Images

Appellant asserts: (1) he was deprived of due process when he was convicted of offenses different from those charged in Specification 1 and those that served as the basis for the preliminary hearing determination, Article 34 advice, and referral; (2) the court-martial lacked jurisdiction because the military judge erroneously instructed the members on additional offenses to be considered as part of Specification 1; (3) the members' findings constituted a fatal variance of Specification 1; and (4) he received ineffective assistance of counsel when his counsel failed to clearly assert and maintain objections to the military judge allowing additional offenses to be considered as part of Specification 1. All four assertions hang on a single premise: that Appellant was tried and convicted of possessing images that were outside the scope of Specification 1.

We conclude this premise is flawed, but first, we address waiver. After the Government provided supplemental notice of its intent to offer images beyond the eight identified at the preliminary hearing, the CDC objected that the Defense had been on notice for eight specific images and that the Government's proffer of additional images constituted a notice violation. The military judge said he would hear argument on the alleged notice violation but was unclear what relief the Defense was seeking, and that if the Defense intended to file a motion, such as for a bill of particulars or for defective preliminary hearing or referral, they could "address that later." R.20DEC2022 at 106. The CDC responded he just wanted to make sure the military judge was aware in case the Defense needed to file something so that all appropriate fact-finding could be accomplished during the present motions session.

Following a recess, where he discussed the issue with co-counsel, the CDC stated he was aware of the case law and understood the Government had a "broad range of flexibility in

carrying its burden" to prove charged offenses and that the military judge was unlikely "to keep the Government from proving its case." R.20DEC2022 at 121. Noting that the Government had now detailed what images it intended to present as the basis of Specification 1, the CDC stated the notice issue was "cured, clearly." R.20DEC2022 at 149. All he sought in response to the Government seeking to present additional images to support Specification 1 was a continuance. The Government did not oppose, and the military judge granted the requested continuance.

During the trial, in a session outside the presence of the members, the military judge discussed proposed instructions and the draft findings worksheet, including its list of 11 images. The military judge indicated he wanted to instruct the members to check beside the images they concluded met the elements of Specification 1 and cross out those they concluded did not. The CDC stated, "Defense joins." R.20MAY2023 at 394. Later, the military judge asked, "And just to be clear, defense counsel, you concur with trial counsel in sending the Findings Worksheet with the specific images and specific videos included on page 3 of that Findings Worksheet." R.21MAY2023 at 1. The CDC responded, "Yes, Your Honor." R.21MAY2023 at 1. The military judge then noted that both parties had requested a variance instruction, but that "[m]y assumption . . . is that the listing of the images takes care of that. Is that accurate, defense?" R.21MAY2023 at 1 at 2–3. The CDC answered, "We're satisfied that the mutually agreed upon Findings Worksheet and the supplemental instructions for the Findings Worksheet are actually better than the standard variance instruction." R.21MAY2023 at 3.

Under these circumstances, we conclude that Appellant affirmatively waived additional relief and all waivable grounds related to the 11 images the members considered as evidence of the eight alleged to have been possessed in Specification 1. *United States v. Campos*, 67 M.J. 330, 332–33 (C.A.A.F. 2009). Still, irrespective of waiver, and to the extent that jurisdictional questions cannot be waived, *see United States v. Begani*, 81 M.J. 273, 276 (C.A.A.F. 2021), we find no error.

The Government *could* have charged possession of specific images—in which case it would have been "bound to abide by" that decision, *United States v. English*, 79 M.J. 116, 120 (C.A.A.F. 2019)—but it did not. It instead elected to charge possession of eight unidentified

images. Under the circumstances of this case, this was sufficient. "The military is a notice pleading jurisdiction." *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011) (citing *United States v. Sell*, 3 C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953)). To be sufficient, a specification must: (1) allege, either expressly or by necessary implication, every element of the offense intended to be charged and sufficiently apprise the accused of what he must be prepared to meet; and (2) protect him against double jeopardy. *Russell v. United States*, 369 U.S. 749, 763–64 (1962); *United States v. Turner*, 79 M.J. 401, 403 (C.A.A.F. 2020); *United States v. Richard*, 84 M.J. 586, 589 (C.G. Ct. Crim. App. 2024).

Provided those two requirements are satisfied, a specification need not "allege in detail the factual proof that will be relied upon to support the charges." *United States v. Sharpe*, 438 F.3d 1257, 1263 n.3 (11th Cir. 2006) (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)). "Rather, more detailed information, 'if essential to the defense, can be obtained by a motion for a bill of particulars' or through pretrial discovery." *United States v. Jenkins*, No. 20-13831, 2022 WL 474704, at *3 (11th Cir. Feb. 16, 2022) (quoting *Sharpe*, 438 F.3d at 1263 n.3); *see also United States v. Nicola*, 78 M.J. 223, 226 n.2 (C.A.A.F. 2019) ("[A] general finding of guilt does not indicate the facts upon which the finding rests. . . . Appellant could have requested a bill of particulars to obtain more precise information about the Government's theory or theories of liability, but did not do so.") (citation omitted).

Specification 1 listed both elements of the offense of possessing child pornography, *see* MCM, pt. IV, para. 95 at IV-146, sufficiently apprised Appellant of what he must be prepared to meet at trial, and, along with the entire the record of trial, protected him against double jeopardy. *Russell*, 369 U.S. at 763–764; *English*, 79 M.J. at 120; *Jenkins*, 2022 WL 474704, at *3. Although the specification alleged a specific *number* of images—a decision the Government was bound to abide by, effectively capping the number of images Appellant could be convicted of possessing at eight—it did not limit the Government to *which* or *how many* images it could present to prove possession of eight images. *See United States v. Brown*, 65 M.J. 356, 359 (C.A.A.F. 2007) (quoting *Richardson v. United States,* 526 U.S. 813, 817 (1999): "[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element.").

Although Appellant does not directly challenge the sufficiency of the specification, he posits that the Government's representations at the preliminary hearing narrowed the scope of the charged offense to the specific images presented at the hearing. In effect, he asks us to read the specification *as if* it charged possession of those specific images. We are aware of no authority to do so, and we decline. *See* Art. 32(a)(2), UCMJ (limiting the purpose of preliminary hearing to making specified determinations); *United States v. Schaffer*, 12 M.J. 425, 429 (C.M.A. 1982) ("The pretrial investigation does not delimit the evidence that later will be considered by the trier of fact in determining guilt or innocence . . . ."); *Jenkins*, 2022 WL 474704, at *4 ("Jenkins offers no authority for his assertion that the government was required to show the grand jury the specific images it intended to rely on to prove [the elements of producing child pornography] at trial.").

The Government was, instead, permitted to provide Appellant notice of what specific evidence it intended to offer to prove Appellant possessed eight images not through the charging document, but through a bill of particulars or pretrial discovery. *Jenkins*, 2022 WL 474704, at *3. And this form of notice is subject to modification without affecting the elements of the offense or requiring an amendment to the charge sheet. *See* R.C.M. 603(b) (defining what constitutes major and minor changes to charges or specifications); R.C.M. 701 (pertaining to discovery obligations and timing); R.C.M. 906(b)(6) ("A bill of particulars may be amended at any time, subject to such conditions as justice permits.").

We therefore agree with the CDC's identification of the issue presented by the Government's shifting position as one of notice, not one of what was charged by Specification 1. The Government's representations at the preliminary hearing had the effect of putting the Defense on notice that the specific images offered at the preliminary hearing represented the eight alleged in the specification. That in no way altered the offense alleged in the specification, but it certainly had the potential to mislead the Defense. When the Government provided supplemental notice changing its position, the CDC argued, with force, that the issue was not whether the Government *could* provide supplemental notice of evidence it intended to present as

proof of an element of the offense, but the *timing* of that supplemental notice and how it impacted Appellant's ability to prepare for trial.

Having received the requested relief of a continuance, Appellant proceeded to trial with the time and notice necessary to prepare for trial. This is evident throughout the record, including when the CDC, in his opening statement, informed the members they would get a "menu of 11 specific images that supposedly establish that at least 8" were knowingly and wrongfully possessed images of child pornography. R.17MAY22 at 496.

In the end, the members convicted Appellant of the offense he was charged with— possessing eight images of child pornography—with the only variation being to except the number "eight." This was a permissible variance. R.C.M. 918(a)(1); *United States v. Finch*, 64 M.J. 118, 121 (C.A.A.F. 2006).

This conclusion is not affected by the fact that the members indicated on page 3 of the findings worksheet which images they relied on to reach their findings. First, Appellant waived any objection to this procedure. Prior to providing the worksheet to the members, the military judge discussed it with the parties, stating that, to avoid an ambiguous verdict, he was considering instructing the members to check beside the images that Appellant knowingly and wrongfully possessed. The CDC responded, "Defense joins." R.21MAY23 at 394. This was affirmative waiver. *Campos*, 67 M.J. at 332–33.

But even setting that aside, indicating which images the members relied on does not change the offense alleged in the specification—possessing eight images of child pornography— or their general verdict of guilty except the number "eight." *See* R.C.M. 918(a). Instead, the military judge, with the acquiescence of counsel, was merely crafting a method to avoid the possibility of an ambiguous verdict. An ambiguous verdict occurs when an accused is charged with committing an offense on multiple occasions, but is convicted, by exceptions, of fewer occasions, and there is no indication of which occasions the members based their findings. *United States v. Walters*, 58 M.J. 391, 395–96 (C.A.A.F. 2003); *United States v. Saxman*, 69 M.J. 540, 545 (N-M. Ct. Crim. App. 2010) (setting aside finding of guilty to possession of

"22 video files of child pornography," except the figure "22," and substituting therefor the figure "4."). In such cases, our ability to review the sufficiency of evidence under Article 66, UCMJ, is frustrated: "Without knowing which incident that Appellant had been found guilty of and which incidents he was found not guilty of, that task is impossible." *Walters*, 58 M.J. at 396.

Accordingly, "Where a specification alleges wrongful acts on 'divers occasions,' the members must be instructed that any findings by exceptions and substitutions that remove the 'divers occasions' language must clearly reflect the specific instance of conduct upon which their modified findings are based." *Id.* Although that "can generally be accomplished through reference in the substituted language to a relevant date or other facts in evidence that will clearly put the accused and the reviewing courts on notice of what conduct served as the basis for the findings," *id.*, we see no error with the method chosen, particularly in light of Appellant's acquiescence to it.

To the contrary, this case illustrates why such a method is necessary. Had the members simply rendered a verdict of guilty except the number "eight" without specifying which images they relied on, we would not be able to review for sufficiency of the evidence and would be required to set aside the conviction. *Id.* But because of the procedure the parties and the military judge agreed upon, we know precisely which two images the members based their findings on, and thus can effectively conduct our review under Article 66.

Finally, we reject Appellant's assertion that his counsel were ineffective for failing to assert and maintain objections to the military judge allowing additional offenses to be considered as part of Specification 1. Such objections would not have been meritorious. As discussed, no additional offenses were considered, only additional evidence. We agree with the CDC's analysis that the Government's revised notice did not impact the elements of the charged offense and the Government's ability to present evidence to prove it, but was instead a notice issue that was cured. Appellant fails to meet his burden to demonstrate ineffective assistance of counsel. *See Palik*, 84 M.J. at 288; *Akbar,* 74 M.J. at 371.

**Legal and Factual Sufficiency**

We review the legal and factual sufficiency of evidence de novo. Article 66(d), UCMJ (2019)[1]; *United States v. Weiser*, 80 M.J. 635, 645 (C.G. Ct. Crim. App. 2020). The standard for legal sufficiency "involves a very low threshold to sustain a conviction." *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019). Evidence is legally sufficient if, "viewing the evidence in the light most favorable to the prosecution" and drawing "every reasonable inference from the evidence of record in favor of the prosecution," "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (cleaned up). The phrase "beyond a reasonable doubt" does not "mean that the evidence must be free from any conflict or that the trier of fact may not draw reasonable inferences from the evidence presented." *Id.*

Factual sufficiency, on the other hand, involves a higher threshold. Evidence is factually sufficient if, after weighing the evidence and making allowances for not having personally observed the witnesses, we are ourselves convinced of Appellant's guilt beyond a reasonable doubt. *United States v. Rosario*, 76 M.J. 114, 117 (C.A.A.F. 2017).

Highlighting that the two images of child pornography were found in cache storage on his cell phone, Appellant asserts there is insufficient evidence to corroborate that he knowingly and wrongfully possessed them. We disagree.

" 'Possessing' means exercising control of something. . . . Possession must be knowing and conscious." MCM, pt. IV, para 95(c)(8) at IV-147.

In explaining the term "wrongfulness," the MCM offers:

> Any facts or circumstances that show that a visual depiction of child pornography was unintentionally or inadvertently acquired are relevant to wrongfulness, including, but not limited to, the method by which the visual depiction was maintained, and whether the visual depiction was promptly, and in good faith, destroyed or reported to law enforcement.

---

[1] Article 66, UCMJ, has since been amended to modify the statutory standard for reviewing sufficiency of the evidence, but based on the date of the offense here, we apply the previous version. *See* FY2021 National Defense Authorization Act (NDAA), P.L. 116-283, 1 January 2021; *United States v. Harvey*, 85 M.J. 127, 130 (C.A.A.F. 2024).

MCM, pt. IV, para 95(c)(12) at IV-147.

We take no issue with Appellant's point that mere presence of images in cache storage does not, by itself, establish knowing and wrongful possession. *See, e.g., United States v. Schempp*, No. ARMY 20140313, 2016 WL 873852, at *2 (A. Ct. Crim. App. Feb. 26, 2016); *United States v. Kamara*, No. NMCCA 201400156, 2015 WL 2438269, at *4 (N-M. Ct. Crim. App. May 21, 2015). But the evidence in this case went beyond that. For instance, the Government offered evidence that: on the date charged, the user of Appellant's cell phone interacted with those files; that one of them was in the "recents" folder for documents recently viewed; that installed applications on Appellant's cell phone provided access to the "dark web" and peer-to-peer filesharing; Appellant demonstrated an interest in nude females posed in childlike environments and clothing; Appellant used search terms demonstrating an interest in young females. Also, although Appellant testified that he had never seen the two images nor anything he believed was child pornography, the members were free to determine his testimony was not credible.

Having considered the entire record, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant knowingly and wrongfully possessed the two images. Furthermore, making allowances for not having personally observed the witnesses, we are ourselves convinced of Appellant's guilt beyond a reasonable doubt. Accordingly, the evidence is legally and factually sufficient.

**Decision**

We determine that the findings and sentence are correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Chief Judge McCLELLAND and Judge JUDGE concur.



For the Court,


Rebecca P. Pskowski
Acting Clerk of the Court