Judge OHLSON delivered the opinion of the Court.
This case arises out of an interlocutory appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2012), in a pending court-martial.
Appellee/Cross-Appellant (Appellee) was charged with a single specification alleging indecent conduct under Article 120, UCMJ, 10 U.S.C. § 920 (2012), and six specifications variously alleging possessing, accessing, receiving, and distributing child pornography under Article 134, UCMJ, 10 U.S.C. § 934 (2012). These specifications were referred to trial by general court-martial. Defense counsel subsequently filed a motion to suppress evidence found on two laptop computers and a flash drive, as well as related derivative evidence. Upon conducting a motions hearing, the military judge found that an individual who was involved in the initial viewing and collecting of evidence in this matter was acting as an agent of the Government, held that the actions of this individual violated Appellee’s reasonable expectation of privacy under the Fourth Amendment, and suppressed the evidence.
After the military judge denied a request for reconsideration, the Government appealed her decision to the United States Air Force Court of Criminal Appeals (CCA). United States v. Buford, Misc. Dkt. No. 2013-26, 2014 CCA LEXIS 226, 2014 WL 2039102 (A.F.Ct.Crim.App. Apr. 4, 2014) (unpublished). The CCA denied in part and granted in part the Government’s appeal, agreeing with the military judge that the individual involved in the initial stages of the ease was acting as an agent of the Government and that evidence from one of the laptops should consequently be suppressed, but overturning the military judge’s decision to suppress the evidence from the other laptop and from the flash drive. 2014 CCA LEXIS 226, at *19-20, 2014 WL 2039102, at *6. Following the CCA’s denial of the Government’s request for en bane reconsideration, the Judge Advocate General of the Air Force certified the case to this Court. The issue before us is whether the military judge abused her discretion when she suppressed the evidence.
Based on the analysis provided below, we hold that the military judge erred when she found that the individual involved in the initial viewing and collecting of evidence in this matter was acting as an agent of the Government. We further hold that she abused her discretion when she used this erroneous conclusion of law as the basis for suppressing the evidence from the two laptop computers and flash drive. The CCA likewise erred in proceeding from the same erroneous legal conclusion. Accordingly, we summarily, reverse the decision of the CCA and the rulings of the military judge.

BACKGROUND

In March 2012, Appellee’s wife, AB, discovered a “fake” Facebook account associated with Appellee’s e-mail address. This Facebook account appeared to have been created and maintained by Appellee, but the photo and name on the account were not Appellee’s. Two months later, in May 2012, following an argument with Appellee, AB went to the home of a friend, accessed this fake Facebook account on her Dell laptop computer, and showed the friend some of the contents of the account, which included sexually explicit images and messages.
At the time this incident occurred, Airman First Class (A1C) Ryan Marlow also was at *100 the home of AB’s Mend. Marlow was off duty and helping the friend’s husband repair a lawnmower. Marlow was an E-3 Security Forces airman who generally engaged in gate security and patrol duty, and he had no training as a criminal investigator. Knowing that Marlow was a Security Forces member, the distraught AB asked him to look at the fake Facebook page on her Dell laptop. Marlow explored the site and then entered Appellee’s e-mail account using a password provided by AB. He next created “screen shots” of sexually explicit images and messages on these sites which appeared to involve underage females. Although Marlow encouraged AB to report this matter to criminal investigators, he told her that it was “up to her” to decide what to do and that it was “her decision.”
AB decided to report the matter, and Mar-low escorted her to the Security Forces office. An investigation was initiated and AB consented to the search of her Dell laptop and provided investigators with a written statement. The investigators found what appeared to be child pornography on the laptop and obtained a search authorization for Ap-pellee’s residence. There they seized, among other items, an HP laptop belonging to Ap-pellee. Several weeks later, AB discovered in her residence a flash drive that apparently belonged to Appellee. The flash drive was not password protected and Marlow examined its contents and determined that it contained sexually explicit images of what appeared to be underage females. The flash drive was then turned over to investigators. Forensic imaging and analysis later disclosed that child pornography was present on the Dell laptop, the HP laptop, and the flash drive.
Following a motions hearing, the military judge suppressed all of the images and chat logs found on AB’s Dell laptop, Appellee’s HP laptop, and Appellee’s flash drive. She likewise suppressed all derivative evidence from these items. The military judge based her ruling on Fourth Amendment grounds, finding that Marlow was acting as an agent of the Government when he viewed and collected evidence from Appellee’s Facebook account, e-mail account, and flash drive without a warrant or Appellee’s authorization, and that Marlow thereby violated Appellee’s reasonable expectation of privacy. We are now presented with the issue of whether the military judge abused her discretion in suppressing this evidence.

STANDARD OF REVIEW

In an Article 62, UCMJ, appeal, this Court reviews the military judge’s decision directly and reviews the evidence in the light most favorable to the party which' prevailed below. United States v. Baker, 70 M.J. 283, 287-88 (C.A.A.F.2011). In this case, the prevailing party was Appellee. Further, “ ‘[i]n reviewing a military judge’s ruling on a motion to suppress, we review factfinding under the clearly-erroneous standard and conclusions of law under the de novo standard.’ ” Id. at 287 (quoting United States v. Ayala, 43 M.J. 296, 298 (C.A.A.F.1996)). When an appeal presents a mixed question of law and fact, as this one does, this Court will find that a military judge abused her discretion if her “findings of fact are clearly erroneous or [her] conclusions of law are incorrect.” Ayala, 43 M.J. at 298. A finding by this Court that a military judge abused her discretion requires “ ‘more than a mere difference of opinion.’ ” United States v. Lloyd, 69 M.J. 95, 99 (C.A.A.F.2010) (quoting United States v. McElhaney, 54 M.J. 120, 130 (C.A.A.F.2000)).

ANALYSIS

As the Supreme Court held in United States v. Jacobsen, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), the protections provided by the Fourth Amendment do not apply to “ ‘a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.’” Id. at 113-14, 104 S.Ct. 1652 (quoting Walter v. United States, 447 U.S. 649, 662, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980) (Blackmun, J., dissenting)). Thus, the threshold question in the instant case is whether A1C Marlow was acting as “an agent of-the Government” at the time he *101 viewed and collected evidence in this case. This Court’s recent and unanimous decision in United States v. Jones, 73 M.J. 357 (C.A.A.F.2014), is instructive on this point.
Although the Jones opinion was decided in a different context,[1] its central tenets are applicable here. Namely, the fact that an individual is affiliated with a law enforcement organization is not, standing alone, determinative of the issue of whether that individual was acting as an agent of the government in any particular case. Rather, it is necessary to examine “all the facts and circumstances” in a case when “determining [an individual’s] authority as an agent of the [Government].” Id. at 358, 362 (emphasis added).
Accordingly, although we certainly give some weight to the fact that Marlow served as a member of the Security Forces, our analysis does not stop there. Instead, we also note that there is abundant additional evidence in the record that demonstrates that Marlow was not acting on behalf of the Security Forces — and was not acting in any other capacity as an agent of the Government — when he assisted AB with examining Appellee’s Facebook page and e-mail account and making screenshots of relevant portions thereof. Specifically, we note the following points:
First, Marlow was off duty fixing a lawnmower at a friend’s house at the time AB enlisted his aid in this matter.
Second, Marlow was not a criminal investigator. He was an E-3 who served essentially as a “gate guard” who also had some vehicle patrol responsibilities. The Government had never provided him with training to be an investigator, nor had the Government ever used him as an investigator. Further, the Government had not provided him with any computer training that he used in this case.
Third, the Government had no prior knowledge that Marlow was involved in examining Appellee’s Facebook page or e-mail account or taking screenshots of them, and there was no participation in, or approval of, these activities by duly authorized agents of the Government.
Fourth, although Marlow’s actions of exploring Appellee’s Facebook page, examining Appellee’s e-mail account with a password provided by AB, and taking screenshots of relevant portions thereof could be characterized as investigatory in nature, these acts could also be characterized as little more than the type of steps that'a curious, tech-sawy individual might take at the behest of a distraught friend in an effort to assist her.
Fifth, once Marlow loaded the incriminating screenshots onto a flash drived he gave the flash drive to AB. He then said it was “up to her” to decide what to do with the information and that it was “her decision” whether to report the matter to appropriate authorities. This laissez-faire approach to a matter where there was strong evidence of criminal conduct is hardly the hallmark of someone who was acting as an agent of the Government.
Sixth, the record shows that once investigators learned of this matter, they took steps to exclude Marlow from any further involvement in the case. In fact, the record shows that investigators initially pondered whether Marlow had “planted” the evidence against Appellee because of a possible personal interest in AB, and they ordered him to discontinue his involvement in the matter. Indeed, Marlow’s continued unwanted interest in the case ultimately culminated in a no-contact order with either AB or Appellee in the July/August time frame.
Seventh, upon review of the rest of the record, we have discovered no other “ ‘clear indices of the Government’s encouragement, endorsement, and participation’ in the challenged search.” United States v. Daniels, 60 M.J. 69, 71 (C.A.A.F.2004) (quoting Skinner v. Railway Labor Executives’ Ass’n, 489 U.S. *102 602, 615-16, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989)).
Eighth, although AB sought Marlow’s involvement in this matter knowing that he was a member of the Security Forces, and although he may have wished to demonstrate some investigative prowess to his assembled friends, “the question of whether a private actor performed as a government agent does not hinge on motivation.” Id. Thus, the military judge erred when she applied a subjective test and relied on Mar-low’s expectations and motivations when making her determination, rather than applying an objective test and weighing the totality of the circumstances in determining whether Marlow was acting as a government agent. Id.
Therefore, although we have viewed the evidence in the light most favorable to Appel-lee, upon analyzing and weighing all of the points cited above and making a de novo determination of this matter, we conclude that although Marlow was a member of the Security Forces, he was not acting as an agent of the Government during all relevant times in the instant case. Therefore, we find that the military judge erred when she reached a legal determination to the contrary. We further find that her order suppressing the evidence of the Dell laptop, the HP laptop, and the flash drive on that basis constituted an abuse of discretion.
This Court’s review of the issues presented in this Article 62, UCMJ, appeal is now complete. However, the military judge retains full authority to further rule on the admissibility of the evidence in this case on other grounds not addressed in this opinion. Specifically, the military judge may now consider other evidentiary principles and jurisprudence, such as this Court’s recent decision in United States v. Wicks, 73 M.J. 93 (C.A.A.F.2014), in deciding whether to admit at trial the Dell laptop, the HP laptop, and the flash drive, as well as all derivative evidence.

CONCLUSION

Accordingly, upon de novo review, we conclude that the military judge erred and abused her discretion in determining that the evidence gathering in this case was a government search within the meaning of the Fourth Amendment, and likewise erred in applying the exclusionary rule on that basis. The CCA erred in proceeding from that same premise. The record of trial in this case is returned to the Judge Advocate General of the Air Force for further proceedings consistent with this opinion.

. In Jones, the accused was questioned about a robbery by a military police (MP) augmentee who also was an acquaintance of the accused. 73 M.J. at 359. The issue before the Court was whether the accused’s incriminating statements to the MP augmentee were admissible at trial despite the fact that the accused had not been read his rights pursuant to Article 31(b), UCMJ, 10 U.S.C. § 831(b) (2012). Id. at 360.