# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Ryan D. RUFF
### Electronics Technician Second Class (E-5), U.S. Coast Guard

### Docket No. 001-62-18

### 15 February 2018

General Court-Martial convened by Director, Coast Guard Operational Logistics. Article 39(a) session at Norfolk, Virginia, on 8 November 2017.

| | |
|---|---|
| Military Judge: | CDR Paul R. Casey, USCG |
| Appellate Government Counsel: | LT Connor B. Simpson, USCG |
| Appellate Defense Counsel: | LCDR Benjamin M. Robinson, USCG |

### BEFORE
### McCLELLAND, BRUCE & JUDGE
Appellate Military Judges

McCLELLAND, Chief Judge:

This is a Government appeal under Article 62, Uniform Code of Military Justice (UCMJ). Appellee was charged with possession of child pornography, among other things. The alleged child pornography was found on Appellee's mobile phone by a police officer who had arrested him for driving under the influence of alcohol. Appellee filed a motion to suppress the images found on his phone. On 28 November 2017, the military judge granted the suppression motion.

The Government gave notice of appeal of the ruling on 29 November 2017, and filed the record of trial with this Court on 21 December 2017. The Government filed its appeal brief on 10 January 2018. Appellee filed his brief on 30 January 2018.

The Government argues that the military judge erred in granting Appellee's motion to suppress. We disagree and affirm the military judge's ruling.

**Facts**

Appellee was arrested by a Massachusetts State Police trooper for driving under the influence of alcohol. He was taken to the state police barracks, where he was booked and required to post bond. He called his wife to come to the police barracks. His wife lost her way, and after more than one phone conversation, eventually Appellee asked the trooper to give his wife directions, handing the trooper his phone; his wife was already on the phone. After giving the wife initial directions, the trooper placed the phone (in speakerphone mode) on "mute" and turned to other activities. The trooper testified that when the wife again spoke, the trooper attempted to unmute the phone without looking at it, was unsuccessful, and when he then looked at the phone, he saw displayed on it an image of child pornography. Measures to seize the evidence of child pornography followed.

**Discussion**

Under Article 62, we act only with respect to matters of law. We are bound by the military judge's factual determinations unless they are unsupported by the record or clearly erroneous. *United States v. Pugh*, 77 M.J. 1, 3 (C.A.A.F. 2017) (citing *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004)). In reviewing a ruling on a motion to suppress, we consider the evidence in the light most favorable to the prevailing party. *Id.* (quoting *United States v. Buford*, 74 M.J. 98, 100 (C.A.A.F. 2015); *United States v. Reister*, 44 M.J. 409 (C.A.A.F. 1996). Further, we review factfinding under the clearly-erroneous standard and conclusions of law de novo. *United States v. Wicks*, 73 M.J. 93, 98 (C.A.A.F. 2014) (quoting *United States v. Baker*, 70 M.J. 283, 287 (C.A.A.F 2011)); *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995).

The Fourth Amendment to the Constitution protects individuals from unreasonable searches and seizures. Challenges to evidence allegedly obtained from unlawful searches and seizures are litigated in accordance with Military Rule of Evidence 311. In a case involving the actions of an official of a State or any subdivision of a State, a search or seizure is unlawful if it is conducted in violation of the Constitution or relevant principles of law applied in federal criminal court cases. Military Rule of Evidence (M.R.E.) 311(b)(2), Manual for Courts-Martial, United States (2016 ed.).

In the absence of a warrant, a government search is presumed unreasonable unless it falls within an exception; when offering evidence from a warrantless search against an accused, the Government bears the burden of establishing that an exception applies. *Wicks*, 73 M.J. at 99 (citing *Katz v. United States*, 389 U.S. 347, 357 (1967); *United States v. Basinski*, 226 F.3d 829, 833 (7th Cir. 2000); *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971)). A search to which an accused consented is one exception; the Government must prove consent by clear and convincing evidence. M.R.E. 314(e)(5).

Further, evidence that is in plain view in the course of otherwise lawful and reasonable activity may be seized without a warrant, assuming there is probable cause to seize it. M.R.E. 316(c)(5)(C); *Horton v. California*, 496 U.S. 128 (1990). "It is, of course, an essential predicate to any valid warrantless seizure of incriminating evidence that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed." *Id.* at 136. Furthermore, "the officer . . .must also have a lawful right of access to the object itself." *Id.* at 137.

Finally, the Government bears the burden of establishing, among other things not relevant in this case, that seized evidence was not obtained as a result of an unlawful search or seizure. M.R.E. 311(d)(5)(A).

In the court below, the Government argued that Appellee consented to whatever search of his phone occurred, and that the trooper inadvertently discovered the child pornography, thus placing it within the plain view doctrine. (Appellate Ex. 51.)

The military judge rejected the notion that Appellee granted consent to search his phone when he handed it to the trooper to talk with his wife. And the military judge was not convinced that the images of child pornography at issue were uncovered by the trooper without the trooper's manipulating the phone.[1] That is, he was not convinced that there was no search or that the evidence was in plain view.

---

[1] "[T]he Court is not convinced, by a preponderance of the evidence, that this evidence was not found without [the trooper] manipulating the accused's iPhone in a manner that is inconsistent with his testimony, as such the pictures would not have been discovered in plain view." (Appellate Ex. 52 at 7.)

The Government now argues before us, "The military judge's finding of fact that [the trooper] was non-credible was clearly erroneous." (Government brief at 6.) The Government then renews its argument that the trooper's actions did not constitute a search because the child pornography was in plain view, which depends upon the credibility argument. As well, the Government renews the argument that if there was a search, Appellee consented to it.

We quickly reject the unconvincing argument that Appellee consented to a search. That argument is encapsulated in this sentence: "Appellee's statement indicates that he provided his phone to [the trooper] so that [the trooper] could assist Appellee's wife in locating the barracks, regardless of the use or manipulation of the phone that would be required by [the trooper] in order to achieve this purpose." (Government brief at 13.) There is no basis in Appellee's statement for the Government's "regardless . . ." assertion – the Government cites the military judge's findings of fact, "can you give my wife directions to the barracks?" (Government brief at 13 (citing Appellate Ex. 52 at 2.)) No official asked Appellee to consent to a search of his phone, and consent to a search cannot be inferred from the mere act of handing the phone to the trooper for the purpose of speaking with Appellee's wife. The idea that Appellee was consenting to any manipulation of his phone beyond the phone application already displayed on the device is fanciful.

As for the Government's position that the military judge was clearly erroneous to find the trooper non-credible,[2] it consists of disagreement with the military judge's assessment of the evidence on credibility. It cannot be said that there was no evidence undermining the trooper's credibility. In addition to three specific matters casting doubt on the trooper's credibility that the military judge mentioned in his ruling, the military judge was entitled to consider the inherent credibility of the testimony and his observations of the trooper in court. Mere disagreement with the military judge does not establish that the military judge's findings are clearly erroneous. *Wicks*, 73 M.J. at 98 (quoting *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010)).

---

[2] The military judge's statement, set out in the previous footnote, from which one infers his assessment that the trooper was not credible, is contained under the heading "Conclusions of Law." Nevertheless, the military judge's assessment that the trooper was not credible may properly be characterized as a finding of fact, subject to the clearly-erroneous standard, if it needs to be considered by itself at all.

More to the point than a bare consideration of the trooper's credibility, the question is whether the Government had met its burden to show that seizure of the evidence did not violate the Fourth Amendment. We hold that the military judge's finding that the Government had not met that burden, in its attempt to show that the evidence was in plain view or that there was no search, was not clearly erroneous.

In short, the military judge's findings and ruling were not erroneous in fact or law.

## Decision

The Government's appeal is denied.

Judges BRUCE and JUDGE concur.



For the Court,


Sarah P. Valdes
Clerk of the Court