*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
DALY, HARRELL, and KORN
Appellate Military Judges

————————————

**UNITED STATES**
*Appellee*

**v.**

**Donavyn M. STALLWORTH**
Yeoman Third Class Petty Officer (E-4), U.S. Navy
*Appellant*

**No. 202500188**

————————————

Decided: 29 June 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Frankie D. Hutchison

Sentence adjudged 1 April 2025 by a general court-martial tried at Naval Station Norfolk, Virginia. Sentence in the Entry of Judgment: reduction to E-1, forfeiture of all pay and allowances, confinement for 12 months and 31 days, and a bad-conduct discharge.

For Appellant:
*Annie W. Morgan, Esq.*

For Appellee:
*Lieutenant Commander Philip J. Corrigan, JAGC, USN*
*Commander John T. Cole, JAGC, USN*

Judge KORN delivered the opinion of the Court, in which Chief Judge DALY and Senior Judge HARRELL joined.

―――――――――――――

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

―――――――――――――

KORN, Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, contrary to his plea, of one specification of possessing child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ).[1] Appellant pleaded guilty to one specification of marijuana use, in violation of Article 112a, UCMJ.[2] The military judge sentenced Appellant to reduction to E-1, forfeiture of all pay and allowances, confinement for 12 months and 31 days, and a bad-conduct discharge.

Appellant raises four assignments of error (AOE), three of which merit discussion. We renumber the AOEs as follows:

> **I. Whether the military judge erred in denying the motion to suppress evidence obtained from Appellant's cell phone, where the agents exceeded the scope of the warrant and the doctrines of plain view and inevitable discovery do not apply.**
>
> **II. Whether the evidence is legally insufficient to prove knowing possession of child pornography.**

―――――――――――――

[1] 10 U.S.C. § 934. Within that specification, the military judge found Appellant guilty of possessing child pornography "videos" but not guilty of possessing child pornography "images." He additionally found Appellant not guilty of one specification of wrongfully viewing child pornography.

[2] 10 U.S.C. § 912a.

**III. Whether the evidence is factually insufficient to prove knowing possession of child pornography beyond a reasonable doubt, in light of the military judge's special findings, cache files, MEGA accounts, and the Government's failure to prove actual minority of the persons depicted.**

**IV. Whether the military judge erred in denying the Defense Rule for Courts-Martial 917 motion.[3]**

We find no prejudicial error and affirm the findings and sentence.

## I. BACKGROUND

Appellant pinged on the Naval Criminal Investigative Service's (NCIS) radar when he was identified as having purchased narcotics from another Sailor who was under investigation. Based on that identification, NCIS Special Agent (SA) Sierra[4] obtained a Command Authorization for Search and Seizure (CASS) for Appellant's phone and subsequently copied the phone's contents through a forensic digital extraction.

SA Sierra's colleague, Investigator Sigma, later reviewed the digital extraction of Appellant's phone and found text messages regarding drugs. Within those text messages he found photos and videos that appeared to depict Appellant using and possessing drugs. While searching through additional photos and videos on the phone, Investigator Sigma saw a thumbnail image of a male child and female child in a sexually explicit position. Investigator Sigma stopped his search and notified SA Sierra about the sexually explicit image.

SA Sierra viewed the thumbnail image and believed the individuals were under the age of 18. He then clicked on the thumbnail image, playing a video that depicted the individuals engaging in sexual conduct. SA Sierra then paused the search and obtained an additional CASS to search the digital extraction for evidence of child pornography. Pursuant to the new CASS, an NCIS digital forensic examiner, Mr. Golf, searched the digital extraction and found the videos that formed the basis of Appellant's conviction for possession of child pornography.

---

[3] AOE IV was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find this AOE is without merit. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

[4] All names in this opinion, other than those of Appellant, the judges, and counsel, are pseudonyms.

At trial, Appellant moved to suppress all evidence obtained from the searches of his phone and the digital extraction. The military judge denied the motion.

## II. DISCUSSION

**A. The military judge did not abuse his discretion in denying the motion to suppress evidence obtained from Appellant's phone.**

*1. Standard of Review*

We review a military judge's ruling on a motion to suppress for an abuse of discretion.[5] It is an abuse of discretion when the military judge: (1) predicates a ruling on findings of fact that are not supported by the evidence in the record; (2) uses incorrect legal principles; (3) applies correct legal principles to the facts in a way that is clearly unreasonable; or (4) fails to consider important facts.[6]

*2. Analysis*

The Fourth Amendment to the Constitution of the United States provides that "The right of the people to be secure . . . against unreasonable searches and seizures, shall not be violated; and no Warrants shall issue, but upon probable cause . . . particularly describing the place to be searched, and the . . . things to be seized." Search authorizations must "describe the things to be seized with sufficient particularity to prevent a general exploratory rummaging in a person's belongings."[7]

As the Supreme Court explained, "By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the [particularity] requirement ensures that the search will be carefully tailored . . . and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit."[8] The Fourth Amendment's protections from unreasonable searches apply to servicemembers.[9]

An exception to the search authorization requirement "is the plain view doctrine, which allows law enforcement officials conducting a lawful search to seize items in plain view if they are acting within the scope of their authority

---

[5] *United States v. Ramos*, 76 M.J. 372, 375 (C.A.A.F. 2017) (citing *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995)).

[6] *United States v. Rudometkin*, 82 M.J. 396, 401 (C.A.A.F. 2022).

[7] *United States v. Richards,* 76 M.J. 365, 369 (C.A.A.F. 2017) (quoting *United States v. Carey*, 172 F.3d 1268, 1272 (10th Cir. 1999)).

[8] *Maryland v. Garrison,* 480 U.S. 79, 84 (1987).

[9] *United States v. Hernandez,* 81 M.J. 432, 438 (C.A.A.F. 2021).

and have probable cause to believe the item is contraband or evidence of a crime."[10] The Supreme Court has established a three-part test for the plain view exception: "(1) the officer must not violate the Fourth Amendment in arriving at the spot from which the incriminating materials can be plainly viewed; (2) the incriminating character of the materials must be immediately apparent; and (3) the officer must have lawful access to the object itself."[11]

Appellant argues that the military judge erred in denying suppression of the child pornography because SA Sierra exceeded the scope of the CASS when he clicked on the thumbnail image, which was not immediately apparent evidence of drug crime.[12] Clicking on this image, Appellant argues, turned SA Sierra's actions into an impermissible generalized search.[13] We disagree.

We conclude—and Appellant concedes[14]—that the initial search of Appellant's phone satisfies the first prong of the Supreme Court's test for applicability of the plain view exception. Probable cause existed for the CASS authorizing SA Sierra to search Appellant's video files for evidence of drug crimes. As the military judge found, Investigator Sigma discovered videos and photos on Appellant's phone that appeared to be evidence of drug possession.[15] While seeking additional evidence of drug possession within the phone's photos and videos, Investigator Sigma saw a thumbnail image that appeared to depict child pornography. We therefore agree with the military judge's determination that "the NCIS agents did not exceed the scope of their search in arriving at the location where they saw the thumbnail image."[16]

Because Investigator Sigma saw the thumbnail image pursuant to a lawful search, the next question under the plain view exception test is whether the incriminating character of the thumbnail was immediately apparent.[17] The Su-

---

[10] *United States v. Gurczynski,* 76 M.J. 381, 387 (C.A.A.F. 2017).

[11] *Richards*, 76 M.J. at 371 (citing *Horton v. California,* 496 U.S. 128, 136–37 (1990)).

[12] Appellant's Brief at 13.

[13] Appellant's Brief at 13.

[14] Appellant's Reply Brief at 2–3.

[15] App. Ex. XXXIII at 3.

[16] App. Ex. XXXIII at 10.

[17] *Richards,* 76 M.J. at 371.

preme Court has clarified that probable cause is the standard to apply to determine whether the incriminating character of the material is immediately apparent.[18]

Appellant contends the military judge abused his discretion when he found the incriminating character of the thumbnail was immediately apparent, arguing it was not apparent until Investigator Sigma enlarged the image and SA Sierra played the video. We disagree with Appellant's assertion that Investigator Sigma enlarged the image to determine its content.[19] The military judge found that Investigator Sigma stopped his search upon seeing the image, and we agree.

We next turn to Appellant's argument that SA Sierra had to play the video to determine its contraband nature. While SA Sierra's testimony at a pretrial hearing did call into question whether it was immediately apparent to him that the thumbnail depicted child pornography,[20] the military judge reviewed all available evidence, including most importantly the thumbnail image itself, and determined that the contraband nature was immediately apparent.[21] The thumbnail depicted a young male and female, who in Investigator Sigma's opinion were both under the age of 18. The male was shirtless and using his hand to touch the naked female's genitalia. The military judge found that the lascivious or explicit sexual nature of the thumbnail was readily apparent, and we agree. The military judge further found that Investigator Sigma had probable cause to believe the individuals in the thumbnail were minors. Having viewed the image as part of the record of trial, we agree with that conclusion. It was therefore not an abuse of discretion for the military judge to find that

---

[18] *See Arizona v. Hicks,* 480 U.S. 321, 326 (1987); "Probable cause relies on a common-sense decision whether, given all the circumstances . . . there is a fair probability that contraband will be found." *United States v. Cowgill,* 68 M.J. 388, 393 (C.A.A.F. 2010) (citation modified). "It is not a technical standard, but rather is based on the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *United States v. Leedy,* 65 M.J. 208, 213 (C.A.A.F. 2007) (citation modified). Thus, "Probable cause requires more than bare suspicion, but something less than a preponderance of the evidence." *Id.*

[19] Appellant's claim that Investigator Sigma enlarged the image appears to be erroneously based on Mr. Golf's pretrial testimony on the motion to suppress, where he explained to the military judge how to access the video on a Government exhibit. *See* Appellant's Brief at 16; R. at 58–59.

[20] SA Sierra testified that he recalled the thumbnail depicted clothed adolescents, but acknowledged that "it's hard to recall what exactly it shows. I know [Mr. Golf] has . . . the screenshot." R. at 44–45.

[21] App. Ex. XXXIII at 11.

Investigator Sigma had probable cause to believe the thumbnail image was child pornography immediately upon seeing it. We agree with the military judge, who concluded, "Because the agents had probable cause to believe the thumbnail image contained child pornography, they were authorized to seize it. And if, based upon probable cause, the thumbnail [could] be seized, then the agents had the authority to click on it and view the video."[22]

The final question under the plain view exception test is whether NCIS had lawful access to Appellant's phone itself.[23] Appellant does not contest this issue, and it is evident from the record that probable cause existed to search Appellant's phone for evidence of drug crimes, and the CASS authorizing the search was lawful and properly executed.

The military judge correctly ruled that Investigator Sigma and SA Sierra did not exceed the scope of the CASS when they viewed the thumbnail image, the incriminating character of the thumbnail image was immediately apparent, and they had lawful access to Appellant's phone. The military judge properly found that the plain view exception applied and the subsequent CASS and searches for child pornography were supported by probable cause. He therefore did not abuse his discretion by denying the motion to suppress.

## B. The evidence is legally sufficient to prove knowing possession of child pornography.

### 1. Standard of Review

To determine legal sufficiency, we ask "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt."[24] The standard

---

[22] Even if we were to find that SA Sierra's playing of a portion of the video constituted an unauthorized search, we would still find that the child pornography on Appellant's phone would have been inevitably discovered, since Investigator Sigma already had probable cause to obtain an additional CASS based on viewing the thumbnail. *See United States v. Hoffmann* 75 M.J. 120, 124-25 (C.A.A.F. 2016) ("To take advantage of [the inevitable discovery] doctrine, the prosecution must establish, by a preponderance of the evidence, that *when the illegality occurred*, the government agents possessed, or were actively pursuing, evidence or leads that would have inevitably led to the discovery of the evidence and that the evidence would inevitably have been discovered in a lawful manner had not the illegality occurred.") (emphasis in original) (cleaned up).

[23] *Richards,* 76 M.J. at 371.

[24] *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).

for legal sufficiency therefore involves a very low threshold to sustain a conviction.[25]

### 2. Analysis

To convict Appellant of possession of child pornography, the Government had to prove beyond a reasonable doubt that Appellant knowingly and wrongfully possessed child pornography, and that the possession of that child pornography was of a nature to bring discredit upon the armed forces.[26] Child pornography is defined as "material that contains either an obscene visual depiction of a minor engaging in sexually explicit conduct or a visual depiction of an actual minor engaging in sexually explicit conduct."[27]

NCIS conducted a lawful search of Appellant's phone and found multiple videos depicting minors engaging in sexually explicit conduct, which were located in the Digital Camera Image (DCIM) folder, the phone's video and photo library.[28] Appellant now argues that the evidence is insufficient to prove that he "had knowledge of the contraband found on his device."[29] However, according to Mr. Golf, a digital forensics expert, images or videos cannot appear in the DCIM folder without an intentional action by the user.[30] Therefore, considering the evidence presented at trial in the light most favorable to the prosecution, a reasonable factfinder could have found that Appellant was aware the videos were on his phone and thereby knowingly and wrongfully possessed child pornography, which is conduct of a nature to bring discredit upon the armed forces. The evidence is therefore legally sufficient.

## C. The evidence is factually sufficient to prove knowing possession of child pornography.

### 1. Standard of Review

This Court may consider whether a finding of guilty is correct in fact upon request of an appellant who makes a specific showing of a deficiency in proof.[31] If an appellant makes such a showing, this "Court may weigh the evidence and

---

[25] *United States v. Smith*, 83 M.J. 350, 359 (C.A.A.F. 2023).

[26] *Manual for Courts-Martial, United States* (2019 ed.) [*MCM*], pt. IV, para. 95.b.(1) at IV-141.

[27] *MCM*, pt. IV, para. 95.c.(4) at IV-142.

[28] R. at 221–22.

[29] Appellant's Brief at 30.

[30] R. at 224.

[31] Art. 66(d)(1)(B), UCMJ, 10 U.S.C. § 866(d)(1)(B).

determine controverted questions of fact," providing "appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence."[32] If this Court is "clearly convinced that the finding of guilty was against the weight of the evidence," we "may dismiss, set aside, or modify the finding, or affirm a lesser finding."[33]

*2. Analysis*

Appellant argues the evidence is factually insufficient because the evidence of child pornography consisted entirely of cache files and thumbnail images. Appellant argues that this evidence does not demonstrate that he knew of or controlled the child pornography on his phone, and possession therefore cannot be established. Appellant further argues that the Government failed to prove that the persons depicted in the child pornography were actually minors.

Appellant has made a specific showing of a deficiency in proof regarding his knowledge of the child pornography on his phone and the age of the individuals in the videos, thereby initiating our factual sufficiency review.[34] We are unconvinced, however, by any of Appellant's identified weaknesses in the evidence.

We are puzzled by Appellant's contention that "the Government relied exclusively on cache files and thumbnail images."[35] Appellant cites nothing in the record to support this contention. On the contrary, the record is clear that all the videos that formed the basis of Appellant's conviction were standard-sized videos[36] and were located within the DCIM folder.[37] And again, saving videos in the DCIM folder requires an intentional action by the user,[38] contravening Appellant's argument that the evidence fails to demonstrate his knowledge of or control over the child pornography. We agree with the military judge's special finding that the evidence established beyond a reasonable doubt that Appellant possessed the videos because he "exercised dominion and control over each of these videos by storing them in his iPhone's photo gallery and then subsequently accessing them after they were downloaded."[39]

---

[32] Art. 66(d)(1)(B), UCMJ, 10 U.S.C. § 866(d)(1)(B).

[33] Art. 66(d)(1)(B), UCMJ, 10 U.S.C. § 866(d)(1)(B).

[34] Art. 66(d)(1)(B), UCMJ, 10 U.S.C. § 866(d)(1)(B).

[35] Appellant's Brief at 26.

[36] Pros. Ex. 6.

[37] R. at 221.

[38] R. at 223.

[39] App. Ex. LV at 6.

Appellant's argument that the Government failed to prove the videos depicted minors is equally uncompelling. It is evident to this Court that all the video files at issue are child pornography because they contain visual depictions of actual minors engaging in sexually explicit conduct.[40] The military judge made detailed special findings describing how each of the videos met the definition of child pornography, and we agree with his assessment.[41] We further agree with the military judge's finding that, even if there is insufficient evidence to prove beyond a reasonable doubt that the video files depict actual minors, each of the video files contain an obscene visual depiction of what appears to be minors engaging in sexually explicit conduct.[42]

Appellant possessed child pornography videos in his phone's DCIM folder. Those videos depict actual minors engaging in sexually explicit conduct. We are therefore not clearly convinced that the finding of guilty was against the weight of the evidence.

## III. CONCLUSION

After careful consideration of the record and the briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[43] We note that the Entry of Judgment (EOJ) incorrectly details the dates of the wrongful use of marijuana specification for which Appellant was convicted. In accordance with R.C.M. 1111(c)(2), we therefore modify the EOJ and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.



FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[40] Pros. Ex. 6.

[41] App. Ex. LV at 3–6.

[42] App. Ex. LV at 3–6.

[43] Articles 59 & 66, UCMJ.

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202500188 |
| v. | **ENTRY OF JUDGMENT** |
| **Donavyn M. STALLWORTH** Yeoman Third Class (E-4) U.S. Navy | |
| *Accused* | *As Modified on Appeal* |
| | **29 June 2026** |

On 1 April 2025, the Accused was tried at Naval Air Station Norfolk, Virginia, by a general court-martial, consisting of a military judge sitting alone. Military Judge Frankie D. Hutchison presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:  Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

> *Plea:* Not Guilty.
> *Finding:* Guilty.

**Specification 1: Knowingly and wrongfully possessing images and videos of minors, or what appears to be minors, engaging in sexually explicit conduct, on his Apple iPhone 12 Pro Max, at or near Joint Expeditionary Base Little Creek-Fort Story, Virginia Beach, Virginia on or about 10 November 2022, and that said conduct was of a nature to bring discredit upon the Armed Forces:**

> *Plea:* Not Guilty.
>
> *Finding:* Guilty except the words "images and."

**Specification 2: Knowingly and wrongfully viewing a video of a minor, or what appeared to be a minor, engaging in sexually explicit conduct, on or about 10 March 2023 at or near Virginia Beach, VA, and that said conduct was of a nature to bring discredit upon the Armed Forces:**

*Plea:* Not Guilty.

*Finding:* Not Guilty.

**Charge II: Violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 1: Wrongful Use of Marijuana on divers occasions from on or about May 2024 to on or about July 2024:**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 2: Wrongful Possession of lysergic acid diethyladmide, a Schedule I controlled substance, on divers occasions from on or about May 2022 to on or about August 2022:**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice.

## SENTENCE

On 1 April 2025, the military judge sentenced the Accused to the following:

**Reduction to paygrade E-1**

**A bad-conduct discharge**

**Forfeiture of all pay and allowances**

**Confinement**

*For Specification 1 of Charge I:*

Confinement for 12 months

*For Specification 1 of Charge II:*

Confinement for 31 days

The terms of confinement will run consecutively.

**Confinement for a total of 12 months and 31 days**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court